IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| James D. Odom, | ) Civil Action No.: 3:14-456-MGL-SVH |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER AND OPINION** |
| vs. | ) |
| | ) |
| CVS Caremark Corp., CVS Rx Services, | ) |
| Inc., and South Carolina CVS Pharmacy, | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

In this action, Plaintiff James Odom ("Plaintiff") sues his former employer CVS Rx Services, Inc., and its related entities CVS Caremark Corporation and CVS Caremark Pharmacy, LLC ("Defendants") based on his termination from employment. Defendants filed a motion to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 15, 2014. (ECF No. 27.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for consideration. The Magistrate Judge has prepared a thorough Report and Recommendation recommending that this Court grant Defendants' motion to dismiss, with leave for Plaintiff to file an amended complaint as to his gender discrimination claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), and age discrimination claims in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"). (ECF No. 36.) Plaintiff and Defendants filed respective objections to the Report and Recommendation on January 5, 2015 (ECF Nos. 37 & 39) and Defendants filed a reply on January 23, 2015. (ECF No. 40.) For the reasons set forth below, this Court adopts the Report and Recommendation of the Magistrate Judge as modified and grants Defendants' Motion to Dismiss with leave for Plaintiff to amend as to certain claims.

STANDARD OF REVIEW

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates such without a recitation. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the Report and Recommendation. 28 U.S.C. § 636(b)(1). The Court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

DISCUSSION

The Magistrate Judge recommends dismissal of Plaintiff's gender and age discrimination claims without prejudice and with leave to file a second amended complaint to clarify the proper comparator, dismissal with prejudice of Plaintiff's wrongful termination in violation of public policy claims, and dismissal with prejudice of Plaintiff's defamation, negligence, and intentional infliction of emotional distress claims. (ECF No. 36.) Plaintiff filed objections, claiming the Magistrate Judge erred in finding Plaintiff's gender and age discrimination, wrongful termination, defamation, and intentional infliction of emotional distress claims should be dismissed. Defendants objected to the portion of the Magistrate Judge's analysis concerning a younger female co-worker as a comparator.

Having reviewed the objections, this Court agrees with the course of action recommended by the Magistrate Judge concerning Plaintiff's age and gender discrimination causes of action.

These claims, set forth as the first and second causes of action of the amended complaint, are dismissed without prejudice. Plaintiff is granted leave to file a second amended complaint to clarify the proper comparator needed to state a prima facie case of gender/age discrimination. This Court does not read the Report and Recommendation to be a statement pronouncing that a younger, female co-worker is necessarily a proper comparator. Such assessments and judgments are reserved until such time as Plaintiff has amended his complaint and the parties have briefed the issue of whether Plaintiff and the comparator are "similarly situated" in accordance with Fourth Circuit law.

The Court also agrees, in significant part, with the Magistrate Judge's treatment of Plaintiff's third and fourth causes of action concerning Plaintiff's termination. In these claims, Plaintiff seeks to invoke the "public policy" exception to South Carolina employment at-will doctrine. *See Epps v. Clarendon Co.*, 304 S.C. 424, 426, 405 S.E.2d 386, 387 (S.C.1991). Plaintiff does not allege that Defendants asked him to violate the law or allege that the reason for the termination itself is a violation of criminal law, instead Plaintiff argues that he was terminated because he complied with DHEC regulations which was a clear violation of public policy. Alternatively, Plaintiff argues that terminating him for an alleged HIPAA violation when he did not in fact violate HIPAA, is a clear violation of public policy. (ECF No. 37 at 6-7.)

Although Plaintiff alleges he was discriminated and retaliated against, as stated, it was not because of the violation of any clearly mandated "public policy" as defined by the South Carolina Courts. The public policy exception for the discharge of an at-will employee encompasses only "public rights," not "private" or "personal" rights. *See McNeil v. South Carolina Dep't of Corr.*, 404 S.C. 186, 193, 743 S.E.2d 843 (S.C. Ct. App. 2013). As the Magistrate Judge correctly concluded, there are no allegations in Plaintiff's complaint to support Plaintiff's public policy claims under

South Carolina law.  As such, Plaintiff's claims fail to state legally viable public policy causes of action and are therefore dismissed.  Plaintiff's fourth cause of action concerning the purported HIPAA violation is dismissed with prejudice as a matter of law.  As stated by the Magistrate Judge, Plaintiff's argument is unavailing and unsupported by any legal basis.  *See Roberts v. Intown Suites*, No. 11-2213, 2012 WL 5074324, *3 (D.S.C., Oct. 18, 2012), aff'd, 512 Fed. Appx. 364 (4th Cir., Feb. 28, 2013) (termination for "false and fraudulent grounds…was based on an alleged violation of [plaintiff's] personal rights" and thus did not violate public policy).  The Court, however, dismisses Plaintiff's third cause of action, in which he claims he was terminated because he cooperated with DHEC, without prejudice and with leave to amend in order to state sufficient supporting facts.

Finally, the Court has reviewed and considered Plaintiff's objections as to the Magistrate Judge's findings on his defamation and intentional infliction of emotional distress claims.  This Court is strongly inclined to agree with the Magistrate Judge's assessment of these claims, but because the Court is already granting Plaintiff leave to amend his complaint with respect to three other causes of action, Plaintiff may use this opportunity to once again amend his complaint to address the noted deficiencies in his defamation and IIED claims. Thus, these claims are dismissed without prejudice.  Re-pleading the same insufficient allegations and failing to adequately address the matters outlined above may result in dismissal of the claims with prejudice.

## CONCLUSION

The Court has carefully reviewed the objections made by Plaintiff and Defendants and has conducted the required review.  After considering the motion, the record, and the Report and Recommendation, the Court ADOPTS the Report and Recommendation as modified herein and

hereby GRANTS Defendants' Motion to Dismiss. (ECF No. 27.)   It is therefore ordered that Plaintiff's First and Second Causes of Action are DISMISSED WITHOUT PREJUDICE.  Although Plaintiff has already filed an amended complaint, Plaintiff *may* be able to adequately plead his Public Policy Discharge (DHEC investigation), defamation, and intentional infliction[1] claims if given another opportunity.  Therefore, Plaintiff's Third, Fifth, and Seventh Causes of Action are DISMISSED WITHOUT PREJUDICE.  The remaining claims, to include Plaintiff's Fourth and Sixth Causes of Action, are DISMISSED WITH PREJUDICE because even if given another opportunity, Plaintiff cannot adequately plead these claims under the circumstances presented in this case, and granting leave to amend these claims would be futile.  *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379, 391 (4th Cir.2005) ("Leave to amend need not be given when amendment would be futile.").  To the extent Plaintiff's claims are dismissed without prejudice, Plaintiff is granted leave to file an amended complaint within fifteen days from the date of this Order.  Any amended complaint shall not assert any claim dismissed herein with prejudice.  If Plaintiff does not timely file an amended complaint, the entire matter may be dismissed with prejudice.

    IT IS SO ORDERED.

s/ Mary G. Lewis<br>United States District Judge

Columbia, South Carolina
January 30, 2015

---

[1] Plaintiff did not state any specific objection to the recommended dismissal of his negligence claim. This claim is therefore dismissed with prejudice for the reasons stated by the Magistrate Judge.  Plaintiff has not plausibly alleged that he was anything other than an at-will employee. Thus, he cannot state a claim for negligence because South Carolina does not generally recognize a cause of action for wrongful termination of an at-will employee. *See Campbell v. International Paper Co.*, No. 3:12–cv–03042–JFA, 2013 WL 1874850 (D.S.C. May 3, 2013).