IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| James D. Odom, ) | Civil Action No.: 3:14-456-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| vs. ) | |
| ) | |
| CVS Caremark Corp., CVS Rx Services, ) | |
| Inc., and South Carolina CVS Pharmacy, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

In this action, Plaintiff James Odom ("Plaintiff") sues his former employer CVS Rx Services, Inc., and its related entities CVS Caremark Corporation and CVS Caremark Pharmacy, LLC ("Defendants") based on his termination from employment. Defendants filed a partial motion to dismiss the claims in Plaintiff's second amended complaint for wrongful discharge in violation of public policy and defamation. (ECF No. 45.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for consideration. The Magistrate Judge has prepared a thorough Report and Recommendation recommending that this Court grant in part and deny in part Defendants' motion to dismiss. (ECF No. 57.) Plaintiff filed objections to the Report and Recommendation on May 15, 2015. (ECF No. 58) and Defendants filed a response to Plaintiff's objections on June 1, 2015. (ECF No. 59.) For the reasons set forth below, this Court adopts the Report and Recommendation of the Magistrate Judge.

STANDARD OF REVIEW

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates such without a recitation. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The

responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the Report and Recommendation. 28 U.S.C. § 636(b)(1). The Court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The Magistrate Judge recommends that this Court grant Defendants' motion to dismiss as to Plaintiff's cause of action for wrongful discharge in violation of public policy. In this case, Plaintiff attempts to invoke the public policy exception to the at-will employment doctrine to maintain his wrongful termination claim and argues that the exception should be expanded to cover the circumstances of his termination. The Magistrate Judge recognized that, in declining to recognize a public policy exception to the at-will employment doctrine for reporting suspected crimes, the South Carolina Supreme Court recently called for restraint when courts undertake "the amorphous inquiry of what constitutes public policy." *Taghivand v. Rite Aid Corp.*, 768 S.E.2d 385, 387 (S.C. 2015). Based on the Supreme Court's recent guidance on this issue, the Magistrate Judge recommends that this Court decline to recognize Plaintiff's suggested public policy exception and that Plaintiff's third cause of action be dismissed with prejudice. The Magistrate Judge recommends that Defendants' motion to dismiss be denied as to Plaintiff's defamation claim, based on a finding that Plaintiff has pleaded a claim for defamation sufficient to survive a motion to dismiss.

Plaintiff filed objections to the Report and Recommendation, arguing that the Magistrate

Judge erred in finding that the Supreme Court's decision in *Taghivand v. Rite Aid Corporation* controls and precludes an extension of the public policy exception here.

Having reviewed and considered Plaintiff's objections and the record in this case, the Court agrees with the Magistrate Judge's well-reasoned analysis and recommendation and overrules Plaintiff's objections. The Court has reviewed the *Taghivand* decision which addressed a certified question from the federal district court and delineated the limited parameters of the public policy exception to the at-will employment doctrine. Plaintiff's arguments are unpersuasive in light of the clear holding of *Taghivand* which forecloses Plaintiff's claim as there is no clear public policy mandate protecting a pharmacist from being discharged after having assisted in a Department of Health and Environmental Control ("DHEC") investigation.

## CONCLUSION

The Court has carefully reviewed the objections made by Plaintiff and has conducted the required review. After considering the motion, the record, the Report and Recommendation and the objections, the Court adopts the Report and Recommendation and incorporates it herein. The Court hereby GRANTS Defendants' Motion to Dismiss as to Plaintiff's third cause of action for wrongful discharge in violation of public policy and DENIES the motion as to Plaintiff's fourth cause of action for defamation. (ECF No. 57.)

IT IS SO ORDERED.

                                                      s/Mary G. Lewis
                                                      MARY G. LEWIS
                                                      UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 4, 2015