IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

James D. Odom,                                )      C/A No.: 3:14-456-MGL-SVH
                                              )
                    Plaintiff,                )
                                              )
vs.                                           )
                                              )      ORDER
CVS Caremark Corporation; CVS Rx              )
Services, Inc.; and South Carolina CVS        )
Pharmacy, LLC,                                )
                                              )
                    Defendants.               )
                                              )

In this employment discrimination case, plaintiff James D. Odom ("Plaintiff") is suing his former employer CVS Rx Services, Inc., and its related entities CVS Caremark Corporation and South Carolina CVS Pharmacy, LLC ("Defendants"), based on his termination from employment. On September 11, 2014, all pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.).

This matter comes before the court on the motion of Defendants to file under seal some attachments to their motion for summary judgment. [ECF No. 72]. The court has reviewed the brief submitted on this matter. In accordance with *In re Knight Publishing Company,* 743 F.2d 231 (4th Cir. 1984), the court grants the foregoing motion to seal on a temporary basis. Because *In re Knight* requires the court to provide public notice of a party's request to seal and allow interested parties an opportunity to object, this order temporarily grants the motion to seal until December 16, 2015. If in the interim period

any interested party wishes to object to the permanent sealing of the documents at issue, that party may file a notice of appearance and state its objections.  In the event any objections are filed, the court will schedule a hearing on the motion to seal and hear the arguments of all parties. Should no objections be filed by December 16, 2015, the temporary order will automatically convert to a permanent order to seal.

The court considered less drastic alternatives to sealing the requested documents. The court found that less drastic alternatives were not appropriate in this employment case, as counsel for Defendants represents that the documents at issue contain personal and private information about CVS patients that includes names, addresses, dates of birth, prescription numbers, drug names, and dosages, all of which constitutes either "protected health information" or "individually identifying information" under both the privacy regulations of the Health Insurance Portability & Accountability Act and South Carolina state pharmacy and identity-theft statutes. The court has independently reviewed the documents in camera and concludes that the documents do not lend themselves to selective redaction under the facts of this case.

The court finds persuasive the arguments of counsel in favor of sealing the documents and rejecting the alternatives.  The records contain confidential medical information that would damage patients of CVS if disclosed.  The court notes that the litigant's interest in nondisclosure of such proprietary information outweighs the public's right to access to this document. *See May v. Medtronic Inc.*, No. CA 6:05-794-HMH, 2006 WL 1328765, *1 (D.S.C. May 15, 2006).  The confidential and sensitive nature of the medical information in the documents at issue requires that the documents be sealed.

2

3

Therefore, the court grants the motion to seal [ECF No. 72] in accordance with the

limitations stated herein.

IT IS SO ORDERED.

*Shiva V. Hodges*

November 16, 2015                          Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

3