IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James D. Odom, | ) | C/A No.: 3:14-456-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| CVS Caremark Corporation; CVS Rx Services, Inc.; and South Carolina CVS Pharmacy, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

In this employment discrimination case, plaintiff James D. Odom ("Plaintiff") is suing his former employer CVS Rx Services, Inc., and its related entities CVS Caremark Corporation and South Carolina CVS Pharmacy, LLC ("Defendants"), based on his termination from employment. On September 11, 2014, all pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.).

This matter comes before the court on Plaintiff's motion to file under seal attachments to his response to Defendants' motion for summary judgment. [ECF No. 84]. The court has reviewed the brief submitted on this matter. In accordance with *In re Knight Publishing Company,* 743 F.2d 231 (4th Cir. 1984), the court grants the motion to seal on a temporary basis. Because *In re Knight* requires the court to provide public notice of a party's request to seal and allow interested parties an opportunity to object, this order temporarily grants the motion to seal until March 2, 2016. If in the interim

period any interested party wishes to object to the permanent sealing of the documents at issue, that party may file a notice of appearance and state its objections.  In the event any objections are filed, the court will schedule a hearing on the motion to seal and hear the arguments of all parties. Should no objections be filed by March 2, 2016, the temporary order will automatically convert to a permanent order to seal.

The court considered less drastic alternatives to sealing the requested documents. The court found that less drastic alternatives were not appropriate in this employment case, as the parties have indicated that the documents at issue contain personal and private information about CVS patients that includes names, addresses, dates of birth, prescription numbers, drug names, and dosages, all of which constitute either "protected health information" or "individually identifying information" under both the privacy regulations of the Health Insurance Portability & Accountability Act and South Carolina state pharmacy and identity-theft statutes. The court has independently reviewed the documents in camera and concludes that the documents do not lend themselves to selective redaction under the facts of this case.

The court finds persuasive the arguments of counsel in favor of sealing the documents and rejecting the alternatives.  The records contain confidential medical information that would damage patients of CVS if disclosed.  The court notes that the litigant's interest in nondisclosure of such proprietary information outweighs the public's right to access to this document. *See May v. Medtronic Inc.*, No. CA 6:05-794-HMH, 2006 WL 1328765, *1 (D.S.C. May 15, 2006).  The confidential and sensitive nature of the medical information in the documents at issue requires that the documents be sealed.

3

Therefore, the court grants the motion to seal [ECF No. 84] in accordance with the limitations stated herein.

    IT IS SO ORDERED.

*Shiva V. Hodges*

February 2, 2016                            Shiva V. Hodges
Columbia, South Carolina           United States Magistrate Judge