

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JAMES D. ODOM, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:14-0456-MGL |
| | § | |
| CVS CAREMARK CORPORATION, CVS | § | |
| RX SERVICES, INC., and SOUTH | § | |
| CAROLINA CVS PHARMACY, LLC, | § | |
|     Defendants. | § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff filed this case containing federal statutory claims of sex and age discrimination as well as a state law claim of defamation. The matter is before the Court for review of the Report and Recommendation(Report) of the United States Magistrate Judge suggesting Defendants' motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 6, 2016, Plaintiff filed his objections on July 25, 2016, and Defendants filed their response to Plaintiff's objections on August 11, 2016. The Court has carefully considered Plaintiff's objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Much of what Plaintiff includes in his submission is not specific objections to the Report, but is instead nothing more than a reassertion of arguments the Magistrate Judge has already considered and rejected. Plaintiff did this notwithstanding straightforward statutory authority requiring specific objections: (1) "a party may serve and file specific, written objections to the proposed findings and recommendations," Fed. R. Civ. P. 72(b); (2) "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1)(C); and (3) "[a]ny adjudication of fact or conclusion of law rendered [in the Report] not specifically objected to . . . may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) . . . may be construed by any reviewing court as a waiver of such objection" Hence, the Court's analysis below addresses only Plaintiff's statements in which he lodges specific objections to the Report.

First, Plaintiff contends "[t]he Magistrate Judge erred in concluding that Plaintiff has failed to present sufficient direct or circumstantial evidence that sex was a motivating factor in his termination." Objections 6. The Court is unconvinced.

As the Magistrate Judge observed, Plaintiff marshals the following in his attempt to demonstrate [Defendants] discriminated against him based on sex:

> (1) that he was not the pharmacist involved with the sale of the prescription in January 2013; (2) that a female pharmacist was in fact involved in the prescription transaction on that date; (3) that a second female pharmacist was involved in executing a falsified statement to DHEC in that she did not work at the pharmacy on the date prescribed and would have had no personal knowledge of the same; (4) that another female employee of the Defendant actually committed the act of disclosing the personal information to the police officer; (5) that the Plaintiff was the only individual who was questioned by Hammond and Spivey as being the violator; and (6) that Plaintiff was the only employee that was terminated for any purported violation.

Report 16 (quoting ECF No. 83 at 21).

Plaintiff takes exception to the Magistrate Judge's suggestion that allegation one, "that he was not the pharmacist involved with the sale of the prescription in January 2013," and two, "that a female pharmacist was in fact involved in the prescription transaction on that date," are irrelevant. The Magistrate suggested that this is so because "there has been no allegation . . . that anyone from the Pharmacy acted improperly in filling the prescription." Report 16. According to Plaintiff, however, "[t]he Magistrate Judge's assertion that these facts are irrelevant misses the point–the analysis is whether . . . gender motivated . . . Defendants' adverse employment action against Plaintiff." Objections 7.

Defendants state they discharged Plaintiff solely because he violated Defendants' Health Information Portability and Accountability Act (HIPAA) policy. As such, Plaintiff's two arguments regarding who filled the prescription are nothing more than a distraction. The same is true regarding Plaintiff's contention the Magistrate Judge incorrectly dismissed his third argument: "that a second female pharmacist was involved in executing a falsified statement to DHEC in that she did not work at the pharmacy on the date prescribed and would have had no personal knowledge of the same[.]"

Report 16 (quoting ECF No. 83 at 21). This allegation has nothing whatsoever to do with Defendants' articulated reason for terminating Plaintiff. For these reasons, the Court will overrule this objection.

Second, Plaintiff maintains "[t]he Magistrate Judge erred in concluding that Plaintiff had not shown pretext on [his] Title VII and ADEA discrimination claims." Objections 8. The Court disagrees.

The Court is of the firm opinion Plaintiff has failed to establish a prima facie case of sex and age discrimination. But, even if it thought otherwise, Defendants have "identified a legitimate nondiscriminatory reason for discharging Plaintiff, he committed a HIPAA violation." Report 22. And Plaintiff's pretext arguments are insufficient to show Defendants discriminated against him on the basis of his sex or age.

When "reviewing the employer's articulated reasons for discharge and the plaintiff's refutation thereof, [the Court] must keep in mind that Title VII [and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 (ADEA) are] not . . . vehicle[s] for substituting the judgment of a court for that of the employer. *DeJarnette v. Corning Inc.*, 133 F.3d 293, 298-99 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). In other words, "this Court does not sit as a kind of super-personnel department weighing the prudence of employment decisions made by [employers] charged with employment discrimination." *Id*. at 299 (citations omitted) (internal quotation marks omitted) (alteration marks omitted). Instead, the Court's only interest "is whether the reason for which the defendant discharged the plaintiff was discriminatory." *Id*. Therefore, if the "employer articulates a reason for discharging the plaintiff not forbidden by law,

4

it is not [this Court's] province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination." *Id*.

Because the Court holds Defendants have articulated a legal reason for discharging Plaintiff, his violation of Defendants' HIPAA policy, and the Court agrees wholeheartedly with the Magistrate Judge's treatment of Plaintiff's pretext arguments, the Court will also overrule this objection.

Third, according to Plaintiff, "[t]he Magistrate Judge erred in finding Robyn Brown is a proper comparator notwithstanding Defendants failing to identify her as a witness in the course of this litigation." Objections 11. This objection lacks merit.

Robyn Brown is a younger female former pharmacist-in-charge Defendants terminated before they dismissed Plaintiff for violating its HIPPAA policy. Although she was unnamed as a witness in this case, evidence of her termination could have come in through any witness with personal knowledge regarding the circumstances of her departure. For instance, both Columbia market pharmacy supervisor Thomas Phillips and district manager Ann Pruter submitted declarations and could testify they participated in the decision to terminate Brown for violating Defendants' HIPAA policy. ECF Nos. 71-12, ¶ 4 and 71-18, ¶ 5.

In deciding whether one is a proper comparator, "it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways. *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999) (citation omitted) (internal quotation marks omitted). "The most important factors in the disciplinary context are the nature of the offenses committed and the nature of the punishments imposed." *Id*. (citation omitted) (internal quotation marks omitted). "[T]he quantity and quality of the comparator's misconduct [needs to]

5

be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." *Id*.

Having reviewed the record before it, the Court is of the firm opinion that Defendants have shown it treated Brown, a younger female pharmacist, in the same manner it did Plaintiff, an older male pharmacist for violating its HIPAA policy: it ousted each of them. Plaintiff has failed to submit any evidence conflicting with Defendants' evidence that Brown was a proper comparator. Accordingly, the Court will overrule Plaintiff's third objection, too.

And fourth and finally, Plaintiff argues "[t]he Magistrate Judge erred in finding that there was not sufficient defamation evidence of actions of Defendants' agents within the course and scope of employment." Objections 12. The Court is unable to agree.

As the Magistrate Judge recognized, to establish a colorable claim for defamation under South Carolina law, the plaintiff must demonstrate: "(1) a false and defamatory statement was made; (2) the unprivileged statement was published to a third party; (3) the publisher was at fault; and (4) either the statement was actionable irrespective of harm or the publication of the statement caused special harm." Report 18 (citing *Fleming v. Rose*, 567 S.E.2d 857, 860 (S.C. 2002)).

As Plaintiff insists, "[d]efamation can be based on an indirect insinuation if the meaning is clear and the assertion is false and malicious." Objections 13 (citing *Eubanks v. Smith*, 354 S.E.2d 898 (S.C. 1987). He has failed to show, however, that anyone acting on behalf of Defendants made any false and malicious statements about him. Any arguments to the contrary are unavailing.

Plaintiff also asserts Defendants can be held liable for lead pharmacy technician Brenda Nordeoff's misstatement to a former co-worker concerning the reason Defendants released Plaintiff. Plaintiff misapprehends South Carolina agency law.

"A principal may be held liable for defamatory statements made by an agent, but only where the agent was acting within the scope of her employment or within the scope of her apparent authority." Report 19-20 (quoting *Abofreka v. Alston Tobacco Co.*, 341 S.E.2d 622, 625 (S.C. 1986) (internal quotation marks omitted) (alteration marks omitted). "An act is within the scope of a [employees'] employment where reasonably necessary to accomplish the purpose of h[er] employment and in furtherance of the [employer's] business." *Armstrong v. Food Lion, Inc.* 639 S.E.2d 50, 52 (S.C. 2006). Those things an employee does "to effect some independent purpose of h[er] own and not with reference to the service in which [s]he is employed, or while [s]he is acting as h[er] own master for the time being, is not within the scope of his employment so as to render the master liable. *Id*. at 53 (citation omitted). In a situation such as that, the employee alone is responsible for any damages. *Id*. This is so because, when an employee "steps aside" from her employer's "business for some purpose wholly disconnected with h[er] employment, the relation of master and servant is temporarily suspended; this is so no matter how short the time, and the master is not liable for h[er] acts during such time. *Id*.

The record contains nothing evidencing Nordeoff possessed any authority whatsoever to speak on behalf of Defendants regarding anything to do with Plaintiff's termination. Accordingly, in that Plaintiff is unable to establish Nordeoff was acting within the scope of her employment with Defendants when she made misstatements regarding Plaintiff's loss of employment, his defamation claim against Defendants must fail.

It appears to the Court that Nordeoff was doing nothing more than gossiping when she spoke to a former co-worker about Plaintiff's termination. Certainly Plaintiff does not mean to suggest that Defendants can be held liable for the mere gossip of one of its employees. Such a holding by this

Court would turn South Carolina agency law on its head. Therefore, the Court will overrule this objection as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendants' motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 31st day of August, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
